UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, <br><br> _____ <br><br> This document relates to: <br><br> Robert Shirley v. Kroger Texas, L.P., et al., No. 3-cv-622 | MDL NO. 1407 <br><br> ORDER GRANTING MOTION TO EXTEND DISCOVERY DEADLINE AND DENYING PLAINTIFF'S PETITION FOR SUGGESTION OF REMAND ORDER |

Defendants Bayer Corporation ("Bayer") and Wyeth jointly move this court for an order setting the fact discovery deadline in the above-referenced matter to December 16, 2005, or in the alternative, to extend the current discovery deadline to May 15, 2005. Plaintiff did not file an opposition to the motion. However, on February 3, 2005 plaintiff filed a petition for a suggestion of remand order. Having reviewed the motion and petition, the court hereby finds and rules as follows:

Plaintiff was deposed on December 16, 2004. Bayer and Wyeth claim that plaintiff provided testimony during his deposition that was materially different from the information disclosed in

ORDER
Page - 1 -

the Plaintiff Fact Sheet ("PFS"). Specifically, they claim that plaintiff gave testimony that suggests that his stroke took place in October 1995, instead of in April 2000 as he had alleged in the PFS. Plaintiff also revealed for the first time that he has a serious back injury, has used a breathing machine for a number of years, and has debilitating pain as a result of heart surgery he had a few years ago.

Given this new information, Bayer and Wyeth argue that discovery in this case is not complete. The defendants need the opportunity to follow-up on plaintiff's testimony and take any necessary additional depositions.[1] As such, they request that the court recalculate the discovery deadline to December 16, 2005, one year from the date of plaintiff's deposition. Alternatively, they request that the court extend the current deadline to May 15, 2005.

Plaintiff did not file an opposition to the motion. However, on February 3, 2005 plaintiff filed a petition for suggestion of remand order in which he asserted that discovery in this matter is complete and the case is ripe for remand. The court disagrees--discovery in this case is not complete. To the contrary, plaintiff's actions have delayed and unnecessarily complicated the discovery process. Plaintiff has an obligation to provide complete responses on the PFS, and to supplement it

---

[1] In addition, defendants want to depose plaintiff's son. Despite repeated requests, plaintiff's counsel has not produced him for deposition.

ORDER
Page - 2 -

1  when necessary.  In the future, the court expects plaintiff to
2  cooperate fully in the discovery process.  If the court is made
3  aware of any other dilatory actions by plaintiff, the court will
4  entertain a motion to dismiss the case.
5       Based on the foregoing, the court GRANTS the motion to
6  extend the discovery deadline and hereby extends it to September
7  1, 2005.  The court DENIES plaintiff's Petition for a Suggestion
8  of Remand Order.

10      DATED at Seattle, Washington this 28th day of April, 2005.

*/s/ Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT COURT
JUDGE

ORDER
Page - 3 -